USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DEREK FAN, on behalf of himself and all
others similarly situated,

         *Plaintiffs*,

   -*against*-

PHL VARIABLE LIFE INSURANCE
COMPANY,

         *Defendant*.
-----------------------------------------------------------
ADVANCE TRUST & LIFE ESCROW
SERVICES, LTA AS NOMINEE OF LIFE
PARTNERS POSITION HOLDER TRUST,
and JAMES KENNEY, on behalf of
themselves and all others similarly situated,

         *Plaintiffs*,
   -*against*-

PHL VARIABLE LIFE INSURANCE
COMPANY,

         *Defendant*.
-----------------------------------------------------------X

18 Civ. 1288 (PAC)

**OPINION & ORDER**

18 Civ. 3444 (PAC)

HONORABLE PAUL A. CROTTY, United States District Judge:

    Plaintiffs in these two related actions move to appoint interim class counsel to handle pre-class certification discovery and other pretrial matters. *See Derek Fan v. PHL Variable Insurance Company*, 18-cv-1288 (PAC) (the "*Fan* Action"), Dkt. 69; *Advance Trust & Life Escrow Services, LTA, as Nominee of Life Partners Position Holder Trust & James Kenney v. PHL Variable Insurance Company*, 18-cv-3444 (PAC) (the "*Kenney/Advanced Trust* Action"), Dkts. 74 & 75. Plaintiffs in the *Kenney/Advanced Trust* Action seek the appointment of Susman Godfrey L.L.P. as sole interim class counsel, while Fan asks this Court to appoint Squitieri & Fearon, L.L.P. as

either sole interim class counsel; or co-interim class counsel with Susman Godfrey L.L.P. Defendant PHL takes no position on these motions but asks that the two actions be coordinated for discovery purposes. *See* Transcript, 18-cv-3444, Dkt.89, at 5. For the reasons that follow, the Court consolidates the *Kenney/Advanced Trust* Action and the *Fan* Action and appoints Susman Godfrey L.L.P. as sole interim class counsel.

## I. Procedural History & Potential Class Members

Both of these class actions challenge the legality of a cost of insurance ("COI") adjustment announced by PHL Variable Insurance Company ("PHL" or "Defendant") in 2017 (the "2017 COI Increase"). This is not, however, the first time PHL's COI increase has been challenged through class action litigation. Two lawsuits challenged the legality of PHL's 2010 and 2011 COI increases, *Fleisher, et al. v. Phoenix Life Ins. Co.*, 11 Civ. 8405 (CM) and *SPRR LLC v. PHL Variable Ins. Co.*, Case No. 14 Civ. 8714 (CM) (S.D.N.Y), and settled in 2015 for monetary and non-monetary relief of over $130 million (the "*Fleischer/SPRR* settlement"). PHL agreed as part of the *Fleischer/SPRR* settlement not to raise COI rates on members of the settlement class until at least December 31, 2020.

The named Plaintiff in the *Fan* Action, Derek Fan, is a PHL life insurance policy owner whose policy is already subject to the 2017 COI Increase, and he seeks certification of a class of PHL policyholders subject to the 2017 COI increase, but not subject to *Fleisher/SPRR* settlement. One of the named Plaintiffs in the *Kenney/Advance Trust* action, however, is an institutional policyholder whose policies are subject to the *Fleisher/SPRR* settlement, and who consequently will not have to pay the 2017 COI Increase until at least 2020. Plaintiffs in the *Kenney/Advance Trust* Action seek to certify a class comprised of any PHL policyholder who received notice of the

2

2017 COI Increase, regardless of whether their policies are also subject to the *Fleisher/SPRR* settlement.

The Plaintiff in the *Fan* Action is represented by Squitieri & Fearon, L.L.P. ("Squitieri"); Plaintiffs in the *Kenney/Advance Trust* Action are represented by Susman Godfrey L.L.P. ("Susman"). Both firms prevailed on PHL's motions to dismiss for want of personal jurisdiction, which this Court denied on March 12, 2019. *See* 18-cv-1288, Dkt. 56; 18-cv-3444, Dkt. 60. The instant motions for interim class counsel appointment followed.

## II. Legal Standards

### A. Consolidation

Under Federal Rule of Civil Procedure 42(a), a court may consolidate actions that "involve a common question of law or fact" at any stage of the proceeding, including pretrial discovery. *See Katz v. Realty Equities Corporation of New York*, 521 F.2d 1354, 1359 (2d Cir.1975); *Firemen's Ins. Co. of Newark, N.J. v. Keating*, 753 F. Supp. 1137, 1141 (S.D.N.Y. 1990). Consolidation is an important tool of judicial administration, often employed to "expedite trial and eliminate unnecessary repetition and confusion." *Endress v. Gentiva Health Servs., Inc.*, 278 F.R.D. 78, 81 (E.D.N.Y. 2011) (quoting *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir.1984)) (internal quotations omitted).

"A district court can consolidate related cases under Rule 42(a) *sua sponte*." *Id.* at 81. Before consolidating, a court should "balance the interest of judicial convenience against the potential for delay, confusion and prejudice that may result from such consolidation." *Firemen's Ins. Co. of Newark, N.J. v. Keating*, 753 F. Supp. 1137, 1141 (S.D.N.Y. 1990).

## B. Interim Class Counsel

Federal Rule of Civil Procedure 23(g)(3) provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Courts are "especially encouraged [to designate interim counsel] where there are multiple, overlapping class actions that require extensive pretrial coordination." *Deangelis v. Corzine*, 286 F.R.D. 220, 223 (S.D.N.Y. 2012) (internal citations and quotations omitted). "Candidates for interim class counsel are evaluated under the same rubric as potential counsel for certified classes," *id.*, which involves assessment of the following four factors:

(i) the work counsel has done in identifying or investigating potential claims in this action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The goal in evaluating candidates against these four factors is to "assure performance of the fiduciary responsibilities owed by both the lawyer and the lead plaintiff to the class." *In re Crude Oil Commodity Futures Litig.*, No 11 Civ. 3600 (WHP), 2012 WL 569195, at *1 (S.D.N.Y. Feb. 12, 2014) (citation omitted).

## C. Co-Interim Class Counsel

Although not expressly provided for under Rule 23, courts routinely appoint two or more qualified firms to represent a class in proposed class actions. Indeed, this Court has done so where such appointments were proposed on the consent of all parties. *See, e.g., Nguyen v. FXCM Inc.*, 1:17-cv-02729 (PAC) (S.D.N.Y. Aug. 17, 2017), Dkt. 30; *Gao v. JPMorgan Chase & Co. et al*, 1:14-cv-04281 (PAC) (S.D.N.Y. Oct. 18, 2016), Dkt. 71 ¶ 8; *In re Goldman Sachs Group, Inc. Sec*

4

*Litig.*, 1:10-cv-03461 (PAC) (S.D.N.Y. Sept. 24, 2015), Dkt. 163. Co-counsel appointments have also been approved in cost of insurance class litigations, *see Feller v. Transamerica Life Insurance Company*, 2:16-cv-1378-CAS-GJS, Docs. 360, 404 (C.D. Ca.) (three-firm structure); *Vogt v. State Farm Life Ins. Co.*, 16-cv-4170, Doc. 232 (W.D. Mo.) (two counsel structure), as well as other types of complex multi-district litigations. *See e.g., In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006).

But a court's chief aim in appointing interim class counsel is to "clarif[y] responsibility for protecting the interests of the class during precertification activities." *Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016) (*citing* Manual for Complex Litigation (Fourth) ("MCL") § 21.11 (2004)). Where there is no demonstrable need for more than one class counsel, courts reject such applications. *See Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 540 (S.D.N.Y. 2015); *see also Smith v. State Farm Mut. Auto. Ins. Co.*, 301 F.R.D. 284, 292 (N.D. Ill. 2014); MCL § 10.21 ("[I]f one firm can fulfill the lead counsel role, adding more firms adds nothing to the process, and may only make it more cumbersome or expensive.").

### III. Analysis

#### A. Consolidation

Although neither party has expressly moved for consolidation of the *Fan* and *Kenney/Advanced Trust* Actions, the need for consolidation here is obvious. In both actions, Plaintiffs challenge the same 2017 COI Increase implemented by the same Defendant, and the proposed class in the *Kenney/Advanced Trust* Action encompasses all plaintiffs encompassed in the proposed class in *Fan*. As PHL noted at the pretrial conference on April 24, 2019, if these cases are not consolidated, PHL will have to respond to two different sets of discovery requests largely about the same issue, resulting in needless duplication of effort and inefficiencies. *See*

Transcript, Dkt. 89 at 5. Accordingly, absent an objection from any party, the Court consolidates *Fan* and *Kenney/Advanced Trust* Actions pursuant to FRCP 42(a).[1]

### B. Co-Interim Counsel is Inadvisable in this Instance

Co-interim counsel is not a good fit for these cases. Judging from the brief litigation history of these cases, the Court finds that a forced coupling of these two firms is unlikely to result in enhanced efficiency or better advocacy for the proposed class. The parties have been unable to reach consensus on issues as small as a briefing schedule for the instant motion, *see* 18-cv-1344, Dkts. 69 & 71, or whether the Plaintiffs in the *Kenney/Advanced Trust* action should be permitted to amend their Complaint—a request unopposed by the only actual adversary of both Plaintiffs in this action, Defendant PHL. *See* 18-cv-1344, Dkts. 51& 53.

Further, there is no demonstrable need for more than one firm here. Fan argues that Susman cannot advocate for the interests of the proposed class in the *Fan* Action because the proposed *Kenney/Advanced Trust* class includes plaintiffs whose policies are subject to the *Fleischer/SPRR* settlement, and whose claims consequently face additional challenges to litigation not shared by other class members. While this is likely true, it is also irrelevant. Nothing in Rule 23 instructs this Court to consider a class of plaintiffs' likelihood of success on the merits before deciding which law firm can best represent them. Instead, the focus of a court's inquiry under Rule 23 is tied to the counsel's capacity to fulfil its fiduciary obligation and best advocate for the proposed class. Here, because the proposed class in the *Kenney/Advanced Trust* encompasses all members of the *Fan* Action, and merely adds to it policyholders whose policies are subject to the

---

[1] The Court also has no reason to believe that either of the Plaintiffs object to consolidation. In their motions for interim class counsel, both Plaintiffs noted the overlap in their cases and discussed why they were better suited to advocate for the needs of all proposed class members from both cases. Fan also filed his motions under both actions, conduct for which he would lack standing absent some form of case consolidation.

*Fleischer/SPRR* settlement, the interests of both classes are not, at least at this preliminary stage, in conflict.[2] There is no persuasive reason why one firm cannot advocate for the needs of all class members simultaneously.

B. **Susman & Godfrey L.L.P. Can Best Serve the Interest of All Class Members**

Since the Court will not appoint both Squitieri and Susman as interim class counsel, Susman is the obvious choice under FRCP 23(g)(1)(A). The record establishes that Susman has thus far engaged in more work than Squitieri in investigating the claims in this action. *Compare* Susman Mem., 18-cv-3444, Dkt. 76, at 7-9; Susman Opp., Dkt. 84 at 6-8 *with* Fan Mem., 18-cv-3444, Dkt. 77 at 6-7. And while both firms appear to have extensive experience in class action litigation, Susman has more experience litigating COI class action insurance cases. Squitieri states it has "prosecuted COI . . .class actions," Fearon Decl., 18-cv-1344, Dkt. 79, ¶ 14, but lists only one insurance related action on its resume, and one which does not appear to involve COI rates. *See id.*, Ex. 1 at 2.

Susman served as sole lead counsel in the prior lawsuit against PHL and its New York affiliate, ultimately obtaining a $130 million settlement and achieving high praise from the presiding judge. *See Fleisher v. Phoenix Life Ins. Co.*, No. 11-CV-8405 (CM), 2015 WL 10847814, at *13-22 (S.D.N.Y. Sept. 9, 2015) ("[t]he Settlement was achieved as a result of the tenacious prosecution of the case by Class Counsel [Susman]. . .[who] frankly, did very good work."). Susman also served as class counsel in three other COI insurance class action lawsuits in this district. *See 37 Besen Parkway, LLC v. John Hancock Life Ins. Co. (U.S.A)*, No. 15-cv-

---

[2] Fan also argues that because there are legal and factual differences in the claims of class members whose policies are and are not subject to the *Fleischer/SPRR* settlement, this case is well-suited for either the splitting of the class into subclasses, or the creation of additional classes. *See, e.g., Ramirez v. Riverbay Corp.*, 39 F. Supp. 3d 354, 362 (S.D.N.Y. 2014); MCL § 21.23. The Court does not reject this argument at this stage but notes that it is again irrelevant to the instant motion for interim class counsel appointment, and premature. *See In re Beacon Assocs. Litig.*, 282 F.R.D. 315, 331 (S.D.N.Y. 2012) ("As the Second Circuit has instructed, speculative conflict should be disregarded at the class certification stage.)

7

9924 (PGG); *Hanks v. Lincoln Life & Annuity Co. of N.Y., et al.*, No. 16-cv-6399 (PKC); *Leonard, et al. v. John Hancock Life Ins. Co. of N.Y. et al.*, 18-cv-04994 (AKH). This experience shows the firm's knowledge of the law governing these actions. The final factor, financing, also weighs in favor of Susman. Susman promises to finance this litigation itself, without any support of third-party litigation funders, whereas Squitieri does not. *See* Fan Mem., 18-cv-3444, Dkt. 77, at 8.

Based on those factors, the Court concludes that the law firm Susman Godfrey L.L.P. can best serve the interests of the proposed class members in both actions for purposes of pre-class certification discovery.[3] Accordingly, the Court appoints Susman Godfrey L.L.P. sole interim class counsel in both actions.

## CONCLUSION

The *Fan* and *Kenney/Advanced Trust* Actions are hereby consolidated pursuant to FRCP 42(a). The motion to appoint Susman Godfrey L.L.P. as sole interim class counsel for both actions is GRANTED and the motion to appoint Squitieri & Fearon, L.L.P. as sole interim class counsel, or, in the alternate, as co-interim class counsel is DENIED. A separate order confirming the appointment and outlining Susman's responsibilities will follow.

---

[3] Fan also opposes the appointment of Susman because Advanced Trust is "a professional plaintiff entity created specifically to bring (and profit from) COI litigation with Susman...raising the question of whether Advanced Trust or Susman Godfrey is driving this litigation...and whether litigation is focused on advancing the interests of Advance Trust or the interests of policyholders." Fan. Mem., 18-cv-3444, Dkt. 77at 2-3. This allegation is not supported by specific conduct or evidence and accordingly, does not alter the Court's view. Nonetheless, Fan's concern is noted, and any conduct demonstrating a bias for Advanced Trust will not be tolerated. Counsel is encouraged to bring any such conduct, should it arise, to the Court's attention promptly.

The Clerk of the Court is instructed to close the motions at Dkts. 69, 74 & 75 on 18-cv-3444 and the motion at Dkt. 69 on 18-cv-1288.

Dated: New York, New York
      May 29, 2019

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge